**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WALTER RYDER,**

> **Plaintiff,**

**v.**                                           **Case No:   6:22-cv-359-WWB-DAB**

**GATOR DOCK & MARINE, LLC,**

> **Defendant**

_____

**ORDER**

This cause came on for consideration with oral argument on December 12, 2022 on the following motion:

> **MOTION:   PLAINTIFF'S SECOND MOTION TO COMPEL
> DEFENDANT'S RESPONSES TO PLAINTIFF'S
> FIRST SET OF INTERROGATORIES (Doc. 26)[1]**
>
> **FILED:       November 2, 2022**
>
> _____
>
> **THEREON it is ORDERED that the motion is GRANTED in part as set forth below**.

_____

[1] The parties partially resolved the dispute and, to the extent Plaintiff sought to compel a response to Interrogatory No. 2, the Motion is moot. Doc. 27.

Plaintiff Walter Ryder alleges that Defendant Gator Dock & Marine, LLC violated the Age Discrimination in Employment Act and the Florida Civil Rights Act when it allegedly failed to hire him for a welder position due to his age. Plaintiff filed a (Second) Motion to Compel (Doc. 26) seeking discovery responses regarding other individuals who applied for positions and were not hired, specifically Interrogatories Nos. 3 and 11 and Request for Production ("RFP") 19. Defendant contends that the requests are overly broad and that there were no open welder positions at time Plaintiff applied. The Court held a hearing on the Motion on December 12, 2022.

Plaintiff argues that the information and documents are relevant to Plaintiff's claims because they are reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). He argues that other applicants, similarly situated to Plaintiff, would likely have knowledge of facts relevant to the issues in this case, and Defendant's answers and responses could lead to evidence as to whether Defendant uniformly applied its policies when denying employment. [2] Interrogatory Nos. 3 and 11 and RFP 19 read:

3. Please identify all persons who were considered for Plaintiff's position after Defendant refused to hire Plaintiff, including the person's name, date of birth,

---

[2] At the hearing, counsel for Defendant conceded that there was no dispute that Defendant had sufficient number of employees to qualify as an "employer" under the applicable statutes.

race and/or ethnicity, educational qualifications, and previous job experience.

* * *

11. Identify all persons who were over the age of forty who [Defendant] refused to hire in the past five years. For each person, please indicate the person's name, date of birth, position applied for with Defendant, date of denial of employment, and reason(s) given by Defendant for the denial. Identify all person(s) with knowledge of the information contained in your answer, and identify all documents that support your answer.

* * *

RFP 19. Please produce any and all employee records containing any form memorializing the ages or dates of birth of all persons who worked for Defendant during the past five years.

Doc. 26-1, 26-2.

Although the meaning of the term Plaintiff used—"refused to hire"—is vague, Plaintiff agreed at the hearing to limit the interrogatory to people who applied for welder position and were not hired. However, RFP 19 seeks an unspecified time period, Plaintiff previously agreed to limit the request to employee records limited to welders for the past 5 years. Defendant argued at the hearing that the five-year window is too long.

The Court finds that Defendant will be required to respond to the Interrogatories and RFP sought with the records of any applicants who have applied for a welder position from August 1, 2019, to the present, whether they were hired or not. The information shall include any documents that show their ages, dates of birth, or education completed (*e.g.,* welding certificate or high school graduation dates). This ruling resolves all three requests.

**DONE** and **ORDERED** in Orlando, Florida on December 12, 2022.

_David A. Baker_
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record